THE HON. WILLIAM H. HUNT,
THE HON. WILLIAM T. PIGOTT, } Associate Justices.

---

PURDUM, APPELLANT, v. LADDIN ET AL., RESPONDENTS.

[No. 1,389.]

[Submitted December 4, 1899. Decided December 5, 1899.]

*Mines and Mining—Declaratory Statement—Location—Description.*

Political Code, Section 3612, providing that the declaratory statement containing a description of a mining claim filed with the county clerk must contain the location and description of each corner, with the markings thereon, is mandatory, and a compliance with its provisions is necessary to perfect a valid location, hence a statement describing a claim by metes and bounds, and giving no description of the corners or the markings thereon, is invalid.

*Appeal from District Court, Madison County; M. H. Parker, Judge.*

(387)

ACTION by James W. Purdum against A. Laddin and others. From an order sustaining defendants' motion for a new trial, plaintiff appeals. Affirmed.

*Mr. R. B. Smith* and *Mr. L. D. Hall*, for Appellant.

*Mr. J. E. Healey*, for Respondents.

**PER CURIAM.**—The plaintiff, claiming ownership, except as against the United States, of the Cataract lode mining claim, situate in Madison county, brought this action to recover possession thereof from the defendants. The answer denies that plaintiff is the owner, and puts in issue the validity of the location under which the plaintiff asserts title; and avers that the defendants are owners of the Cliff lode mining claim, which embraces the ground alleged by the plaintiff to be included within the exterior boundaries of the supposed location of the Cataract lode mining claim. A verdict for the plaintiff was set aside, and a new trial granted. The plaintiff appeals.

During the progress of the trial the plaintiff offered in evidence the declaratory statement of the location of the Cataract lode mining claim, containing the following reference to the corners: "This location is distinctly marked on the ground, so that its boundaries can be readily traced by a stake set at discovery shaft, where this notice and statement is posted this 15th day of October, A. D. 1895, and by substantial posts or monuments of stone at each corner of the claim, and the exterior boundaries of the claim, as marked by said posts or monuments, are as follows, to wit: Beginning at the N. E. corner, No. 1, a nut pine tree on the south bank of Cataract creek, about ½ mile S. W. of Mammoth Lake, and extending 1,500 feet in a westerly direction to N. W. corner, No. 2, on the southwest bank of Cataract Lake, thence, southerly direction, 600 feet, to corner No. 3, thence easterly 1,500 feet to corner No. 4, which corner is a balsam a fir tree; thence north 600 feet to place of beginning." The defendants objected to the introduction of the declaratory statement for the reason, among others, that it does not comply with

Section 3612 of the Political Code of Montana, in that it fails to show the location and description of each corner, with the markings thereon. The objection was overruled, the declaratory statement admitted in evidence, and the defendants excepted. The order sustaining the motion for a new trial was granted upon the sole ground that the court erred in admitting the declaratory statement.

In granting a new trial, the district court did not err. Section 3612 of the Political Code provides that, within 90 days from the date of posting upon the claim the location notice required by section 3611, there must be filed with the county clerk a declaratory statement, which must contain, among other things: "7. The location and description of each corner, with the markings thereon." The statute is mandatory, and substantial compliance with its provisions is necessary to perfect a valid location. "A location is not made by taking possession alone, but by working on the ground, recording, and doing whatever else is required for that purpose by the acts of congress and the local laws and regulations." (*Belk* v. *Meagher*, 104 U. S. page 284, 26 L. Ed. 735; *Garfield M. & Mining Co.* v. *Hammer*, 6 Mont. 53, 8 Pac. 153.) That the legislative assembly had power to enact sections 3610 to 3613 of the Political Code is, in this state, too firmly established to permit of serious discussion or doubt; and that the provisions of these sections are mandatory, reasonable and not in conflict with any act of congress, seems clearly within the principles announced or tacitly recognized in *O'Donnell* v. *Glenn*, 8 Mont. 248, 19 Pac. 302; *McCowan* v. *McClay*, 16 Mont. 234, 40 Pac. 602, and *Sanders* v. *Noble*, 22 Mont. page 119, 55 Pac. 1037.

The cases of *Russell* v. *Chumasero*, 4 Mont. 309, 1 Pac. 713; *Flavin* v. *Mattingly*, 8 Mont. 242, 19 Pac. 384; *Upton* v. *Larkin*, 7 Mont. 449, 17 Pac. 728, and *O'Donnell* v. *Glenn*, *supra*, were decided prior to the adoption of the Political Code of 1895, and under statutes which did not require that the trees, stakes or monuments must be marked so as to designate the corners of the mining claim, nor that the declaratory state-

ment must contain the description of, and the markings on, each corner,—in other words, until 1895 the declaratory statement was sufficient, in that respect, if it described the claim in the manner provided by Section 2324 of the Revised Statutes of the United States.   (Rev. St. Mont. 1879, page 590, Sec. 873; Comp. St. Mont. 1887, Fifth Division, page 1054, Sec. 1477.)

The order granting a new trial is affirmed.

*Affirmed.*