THE HON. GEORGE R. MILBURN, ⎫
⎬ Associate Justices.
THE HON. WILLIAM L. HOLLOWAY, ⎭

COMMISSIONERS:

HON. JOHN B. CLAYBERG,
HON. LEW. L. CALLAWAY,
HON. W. H. POORMAN.

HAHN, RESPONDENT, *v.* JAMES ET AL., APPELLANTS.

(No. 1,537.)

(Submitted October 7, 1903. Decided October 19, 1903.)

*Mining Claim—Location — Declaratory Statement—Action to Determine Adverse Claim—Possession.*

1. In an action under Section 1310. Code of Civil Procedure, to determine an adverse claim to a quartz lode mining claim, it is error for the court to admit in evidence, over objection, the record on a notice of location which omits a description of the discovery shaft and a description of each corner of the claim with the markings thereon, as required by Section 3612 of the Political Code.

VOL. XXIX—1

2. Unless the record of notice of location is in substantial compliance with the statute, the location is of no value.

3. A locator of a mining claim, who has not filed such a declaratory statement as is required by Political Code, Section 3612, and who has not actual possession, cannot have judgment in an action under Code of Civil Procedure, Section 1310, to determine an adverse claim, though defendants have made no valid location.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

ACTION by Frank Hahn against John W. James and another. Judgment for plaintiff. Defendants appeal. Reversed.

*Messrs. Walsh & James,* for Appellants.

*Mr. H. P. Napton,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought under Section 1310 of the Code of Civil Procedure to determine an adverse claim to the Silver Star quartz lode mining claim, situate in Deer Lodge county. The complaint, alleging ownership and right of possession in plaintiff, and that defendants assert some estate or interest therein adverse to plaintiff, prays that defendants be required to discover the nature of their claim, and that it be declared without foundation. The answer traverses the material allegations of the complaint, and then sets forth the facts upon which the defendants predicate their claim. The pleading discloses that they claim the ground covered by the Silver Star quartz lode mining claim by virtue of a location thereof under the name of the Venus quartz lode claim. To the answer there was reply. At the trial the plaintiff introduced in evidence, over objection of defendants, the record of a notice of location of the Silver Star lode claim, dated January 2, 1896, together with oral evidence tending to show a discovery of mineral deposits within the surface boundaries of the described ground, and the acts done in order to perfect his location, and then rested

his case. Thereupon the defendants moved for a nonsuit upon the ground, among others, that the notice was insufficient to show any right or title in plaintiff because it omitted to set forth the dimensions and the location of the discovery shaft, tunnel, or cut, or to give the location and description of each corner of the claim, with the markings thereon, as required by Section 3612 of the Political Code. After argument the motion for nonsuit was denied. The defendants declining to offer any evidence, the court directed the jury to return a verdict for the plaintiff, which was done. Upon this verdict the court rendered judgment for plaintiff. From the judgment and order denying them a new trial the defendants have appealed.

The defendants assign as error the action of the court in admitting the notice of location in evidence over their objection, and in directing a verdict for the plaintiff.

The notice omits altogether a description of the discovery shaft, the only reference to it being a statement that the claim extends along the vein or lode "1,000 feet in a southerly direction, and 500 feet in a northerly direction from the center of the discovery shaft," and a similar statement in the attempted description of the corners. The description of the corners, with the markings thereon, so far as any is given, is as follows: "This location is distinctly marked on the ground, so that its boundaries can readily be traced, by a ——— set at discovery shaft (where this notice and statement is posted this ——— day of ———, A. D. 189—), and by substantial posts or monuments of stone at each corner of the claim and the exterior boundaries of the claim, as marked by said posts or monuments are as follows, to-wit: Beginning at southwest corner post and running in a northerly direction 1,500 feet to a post, thence in an easterly direction 600 feet to a post, thence in a southerly direction 1,500 feet to a post, thence in a westerly direction 600 feet to a post and place of beginning."

The objection to the introduction of the notice in evidence should have been sustained. It attempts no description whatever of the shaft, even conceding that such a shaft as is required

by Section 3611 of the Political Code was sunk upon the claim in order to perfect the discovery. While the location of each corner is given, it does not appear that there were any markings upon any of them; nor is there any attempt to show their dimensions, or to give a description of them in any other particular by the markings thereon. It is impossible to say what was the size of any of them. The provisions of these sections of the statute were considered in *Purdum* v. *Laddin et al.,* 23 Mont. 387, 59 Pac. 153, and the conclusion is there announced that a substantial compliance with them is necessary to perfect a valid location. While all the other steps prior to the record of the notice may have been taken, yet, without the record in substantial compliance with the statute, the location is of no value. The court erred, therefore, in admitting the copy of the notice in evidence, as well as in directing a verdict for the plaintiff; for the notice was of no evidentiary value whatever as tending to establish any right or title to the ground in controversy in the plaintiff.

The plaintiff insists, however, that, inasmuch as evidence introduced in connection with the notice of location discloses that all the necessary steps to make a valid location were in fact taken by the plaintiff, including a posting of a copy of the recorded notice at the discovery shaft, these facts entitle the plaintiff to a judgment, in the absence of a showing on the part of the defendants that they had actually entered upon the ground and made a valid location thereof under the laws of the United States and the statute of Montana. With this contention we do not agree. Assuming, for the purposes of this action, that one may maintain an action under the statute upon his possession alone, it is not shown by the evidence, nor is it claimed by the plaintiff, that at the commencement of this action he was in the possession of the ground in controversy, nor that he had ever been ousted from the possession thereof by the defendants; nor does it appear that he ever at any time had actual possession of the ground by inclosure or otherwise, except to do the annual labor of representation. At no time did such possession con-

tinue longer than was necessary to accomplish this purpose. Having failed to comply with the statute so as to make his constructive possession good as against any person claiming adversely to him, nothing short of an actual *possessio pedis* disturbed by an intruder would give him a right of action as against such intruder.    Being without inchoate title to the ground by location, and having no actual *possessio pedis* which could be disturbed by the wrongful acts of the defendants, he is not entitled to recover as against them, no matter whether they had made a valid location of the ground or not.    So long as public lands are not appropriated under the provision of some statute, or are in the actual possession of the claimant by personal presence thereon or by substantial inclosure, they are free and open to all persons whomsoever, to be occupied or appropriated as they may wish.

Let the judgment and order be reversed, and the cause remanded.

*Reversed and remanded.*