DOLAN ET AL., RESPONDENTS, *v.* PASSMORE ET AL., APPEL-
LANTS.

(No. 2,245.)

(Submitted June 5, 1906.    Decided June 11, 1906.)

*Mines and Mining—Location—Declaratory Statements—Statutory Requirements.*

Mining    Claims—Location—Statutory    Requirements—Substantial    Compliance.

1.    The provisions of sections 3611 and 3612 of the Political Code, relative to locations of mining claims, are mandatory, and must be substantially followed in order that the locator may acquire any right under his location.

Same—Defective Declaratory Statement.

2.    *Held,* in an action for damages for trespass alleged to have been committed by defendants in mining and removing ores from a certain mining claim, that the court committed error in admitting in evidence a copy of plaintiffs' declaratory statement of location which contained, among other things, the following: that locator "'dug a tunnel at the point of discovery of the following dimensions: about twelve feet long, six by four and one-half cut three feet deep, six feet wide, wherein is disclosed a well-defined crevice and valuable deposit of ore''; in that the statement was defective for failure to disclose that a vein or lode had been cut by the tunnel at a depth of ten feet below the surface, as required by section 3612 of the Political Code.

Same—Declaratory Statement—Record—Proof.

3.    The declaratory statement of a mining location required to be filed for record in the office of the county clerk and recorder by section 3612 of the Political Code cannot be supplemented by proof of what was actually done in the premises.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by John C. Dolan and another against Charles S. Passmore and another.    Judgment for plaintiffs.    Defendants appeal from the judgment and from an order denying them a new trial.    Reversed and remanded.

*Messrs. McBride & McBride,* and *Mr. Jas. E. Murray,* for Appellants.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover a judgment for damages for trespass alleged to have been committed by defendants by mining and removing ores from certain mining ground situated in Silver Bow county, to which plaintiffs allege title by location as the Boston Lode Mining Claim, and by the destruction of certain buildings thereon. The defendants deny all the allegations of the complaint and allege that they are in possession and entitled to the possession as the owners of the ground, under a location made by them as the Iron Cliff Lode Mining Claim. Upon a trial by jury plaintiffs had verdict, and judgment was thereupon entered in their favor. The defendants have appealed from the judgment and an order denying them a new trial. Plaintiffs' discovery was made on January 1, 1900, and the record of it made on March 31, 1900. Defendant's location was made later in the same year.

Of a number of contentions argued in appellants' brief, only one requires notice, since it must be sustained and is conclusive of the case. Their contention presents the question: Did the court err in admitting in evidence a copy of plaintiffs' declaratory statement of location?

The ground of the objection to the declaratory statement was that it does not show that within ninety days after their discovery was made, the plaintiffs sunk a discovery shaft upon the vein to a depth of at least ten feet from the lowest part of the rim of said shaft at the surface, or that they did an equivalent amount of work by means of a cut, cross-cut, or tunnel to expose the vein at the depth of ten feet below the surface, or that they ran an open cut at least ten feet in length along the vein from the point where it was discovered, as provided by section 3612 of the Political Code. Section 3611 of this Code provides that the locator or locators must sink a shaft on the lode or claim to the depth of at least ten feet from the lowest part of the rim of the shaft at the surface, or deeper, if necessary to show a well-defined crevice or valuable deposit. As an equivalent, a cut or

cross-cut, or tunnel cutting the lode at the depth of ten feet below the surface, or an open cut for at least ten feet along the lode from the point of discovery, is deemed sufficient. Under section 3612 the declaratory statement must show the dimensions and location of the discovery shaft, or its equivalent. The evident purpose of this latter provision is that it may appear of record that the requirements of section 3611 have been complied with, and hence that the locator or locators may appear to one examining the statement to be vested with the inchoate title.

It has been repeatedly held by this court, not only that the provisions of these statutes are valid, but that they are mandatory, and must be substantially followed, in order that the locator may acquire any right under his location. (*Purdum* v. *Laddin,* 23 Mont. 387, 59 Pac. 153; *Hahn* v. *James,* 29 Mont. 1, 73 Pac. 965; *Wilson* v. *Freeman,* 29 Mont. 470, 75 Pac. 84, 68 L. R. A. 833; *Mares* v. *Dillon,* 30 Mont. 117, 75 Pac. 963; *Baker* v. *Butte City Water Co.,* 28 Mont. 222, 104 Am. St. Rep. 683, 72 Pac. 617.) On writ of error to the supreme court of the United States in the last case, the validity of this statute was upheld. (*Butte City Water Co.* v. *Baker,* 196 U. S. 119, 25 Sup. Ct. 211, 49 L. Ed. 409.)

In *Purdum* v. *Laddin,* it was held that the declaratory statement must contain "the location and description of each corner with the markings thereon." In *Hahn* v. *James,* it was said: "While all the other steps prior to the record of the notice may have been taken, yet, without the record in substantial compliance with the statute, the location is of no value." So in *Wilson* v. *Freeman,* it was held that, if the location under which title is claimed be a relocation of an abandoned claim, the requirements of section 3615 of the Political Code, both as to the acts done and the contents of the record, must be substantially observed.

As to the preliminary work done on this location, the statement contains the following: "For the purpose of perfecting the location of said claim as required by law, the undersigned have heretofore, and within ninety days after posting said notice

of location, dug a tunnel at the point of discovery of the following dimensions: about twelve feet long, six by four and one-half cut three feet deep, six feet wide, wherein is disclosed a well-defined crevice and valuable deposit of ore." This statement does not meet the requirements of section 3612, *supra,* in that it does not appear that a vein or lode was cut at the depth of ten feet below the surface; for if, instead of sinking a shaft to the depth of ten feet in the clear upon the vein, the equivalent work is done, it must be either by cut, cross-cut or tunnel cutting the vein at a depth of at least ten feet, or by an open cut at least ten feet in length along the vein, and it must appear from the record that this has been done. A failure to observe these requirements is fatal to the location, for the record cannot be supplemented by proof of what was actually done. (*Hahn* v. *James, supra.*)

The court was in error in overruling defendants' objection, because the statement, not being in compliance with the law, was wholly immaterial to establish plaintiffs' title, and the judgment must for that reason be reversed. Since the exclusion of this evidence would have been conclusive of plaintiff's case, and since it cannot be aided by proof, it is not necessary to order a new trial. The result of a new trial would necessarily be a judgment in favor of defendants.

It is therefore ordered that the judgment be reversed, and that the cause be remanded, with directions to the district court to enter judgment for defendants.

*Reversed and remanded.*

MR. JUSTICE MILBURN, and MR. JUSTICE HOLLOWAY concur.