THORNTON ET AL., RESPONDENTS, *v.* KAUFMAN, APPELLANT.

(No. 2,744.)

(Submitted December 18, 1909. Decided January 7, 1910.)

[106 Pac. 361.]

*Mines and Mining—Adverse Suit—Representation Work—Forfeiture—Who may not Complain—Incomplete Relocation—Resumption of Work—Effect.*

Mining Claims—Incomplete Relocation—Resumption of Work—Effect.
    1. The location of a quartz lode mining claim consists of a number of independent acts, all of which must be performed before a legal location can be said to exist, and the last act that may be done does not relate back; hence, where defendant in an adverse suit had resumed work in good faith (U. S. Rev. Stats., sec. 2324), upon the claim in controversy, before plaintiffs by their second amended declaratory statement (the original and first amended statements having been insufficient) completed a legal location, the finding of the court that defendant had forfeited his claim by nonperformance of the annual representation work was erroneous.

Same—Forfeitures—How Viewed by Law.
    2. The law does not favor forfeitures, therefore every reasonable doubt will be resolved in favor of the validity of a mining claim as against the assertion of a forfeiture.

Same—Representation Work—Nonperformance—Who may not Complain.
    3. Only the government or a subsequent locator of a mining claim

can complain of a failure on the part of a prior claimant to do the annual representation work, and the latter only in the event he himself has taken all the requisite steps to complete a valid location; hence where defendant in an adverse suit had in good faith resumed work, before plaintiffs had completed a legal location, his previous delinquency, in omitting to do the annual work for any one year, was of no concern to them.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by W. D. Thornton, John Hopkins, and Edward Shone against Louis Kaufman. Plaintiffs had judgment, from which, and an order denying new trial, defendant appeals. Reversed.

*Mr. A. C. McDaniel* submitted a brief in behalf of Appellant. *Mr. Jesse B. Roote* argued the cause orally.

The complaint is insufficient and will not support the judgment, for the reason that it contains no allegation that the defendant's claim became forfeited. (*Renshaw* v. *Switzer,* 6 Mont. 464, 13 Pac. 127; *Wulf* v. *Manuel,* 9 Mont. 276, 279, 286, 23 Pac. 723; *Power* v. *Sla,* 24 Mont. 243, 61 Pac. 468; *Strasburger* v. *Beecher,* 20 Mont. 143, 49 Pac. 740.) Allegations of forfeiture are contained in the reply, but this is not sufficient. (*Thornton* v. *Kaufman,* 35 Mont. 181, 88 Pac. 796.)

The plaintiffs' location is void for the reason that they attempted to make it while the premises were in the actual possession of the defendant. One who is lawfully in possession of a mining claim, holding the same in good faith, doing or intending to do what is required by law, cannot be ousted therefrom by a relocator, and the relocation is void. (*Traphagen* v. *Kirk,* 30 Mont. 562, 77 Pac. 58; *Belk* v. *Meagher,* 104 U. S. 279, 26 L. Ed. 735; *Lebanon M. Co.* v. *Consolidated etc. Min. Co.,* 6 Colo. 371; *Jordan* v. *Duke,* 6 Ariz. 55, 53 Pac. 197; *Cowell* v. *Lammers,* 21 Fed. 200; *Fee* v. *Durham,* 121 Fed. 468, 57 C. C. A. 584.)

Plaintiffs failed to prove forfeiture by clear and convincing proof. (*Power* v. *Sla, supra; Hammer* v. *Garfield M. & M. Co.,* 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964; *Emerson* v.

*McWhirter*, 133 Cal. 510, 65 Pac. 1036.)    It was not incumbent upon defendant to show that his claim had been represented in 1897.    (*Renshaw* v. *Switzer*, 6 Mont. 464, 13 Pac. 127.)

In behalf of Respondents, *Messrs. Mattison, Cavanaugh & Poore* submitted a brief.    Oral argument by *Mr. J. A. Poore.*

The resumption of work by the original locator, whose rights are subject to forfeiture, without the expenditure, with reasonable diligence, during the year of the sum of $100 for labor or improvements upon the mine, is an evasion of the law.    (*Honaker* v. *Martin*, 11 Mont. 91, 27 Pac. 397; *McCormick* v. *Baldwin*, 104 Cal. 227, 37 Pac. 903.)

In order to prevent a forfeiture for failure to do the annual representation, the claimant may resume in good faith, and prosecute the same continuously and without unreasonable interruption, until the full amount has been performed; that is, until one year's delinquency has been made up.    Nothing less than the manifest intention to atone for the delinquency by a diligent and continuous prosecution of substantial and valuable development work will satisfy the law.    (Lindley on Mines, sec. 654, and cases cited.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This case was heretofore before this court (*Thornton* v. *Kaufman*, 35 Mont. 181, 88 Pac. 796), and a reference to our former decision for a statement of the facts will be sufficient. Upon filing the *remittitur* in the district court, the plaintiffs prepared and filed an amended complaint, which cured the defects in the original complaint noticed in our former decision, and upon issues joined the cause was tried to the court without a jury.    Findings were made in favor of the plaintiffs and a decree rendered and entered quieting their title to the disputed ground.    From the judgment and an order denying him a new trial, the defendant appealed.    There are many assignments of errors, but it will only be necessary to consider one, as a decision upon it will determine the controversy.

The plaintiffs rely upon a forfeiture by the defendant of his right to the disputed ground under his Little Spring location by reason of his failure to do the necessary annual work or improvement during 1897. The trial court found that defendant forfeited his right to the ground in dispute by failing to do the necessary amount of work or improvement during 1897, and that defendant did not resume work on that claim in good faith prior to plaintiff's location of the disputed ground as a part of the Vigilant claim. The evidence shows without substantial dispute that during 1897 the defendant did not do more than $30 worth of work or improvement on the Little Spring claim, so that the ground was open to relocation on January 1, 1898, unless the defendant in good faith resumed work upon his claim before the ground was relocated. (Rev. Stats., sec. 2324 [U. S. Comp. Stats. 1901, p. 1426].) By stipulation of the parties at the trial it was agreed that during the month of December, 1898, the defendant did $100 worth of work upon the Little Spring claim, and that he did a like amount every year thereafter up to the time of the trial in 1908. The only attack made upon defendant's Little Spring claim is under the plea of forfeiture above.

It would seem that the trial court must have held that the original declaratory statement of the Vigilant claim was sufficient, or that, if an adverse claim was initiated before the defendant resumed work in good faith, such initiated claim would take precedence over the prior located claim upon which the necessary annual labor had not been done. Neither the original declaratory statement of the Vigilant claim which was filed in 1898, nor the first amended declaratory statement filed in 1901, complied, even substantially, with the requirements of the statute then in force. (*Purdum* v. *Laddin,* 23 Mont. 387, 59 Pac. 153; *Dolan* v. *Passmore,* 34 Mont. 277, 85 Pac. 1034.) The second amended declaratory statement, which apparently meets the requirements of the law fully, was not filed until 1907. But the initiation of an adverse claim is not sufficient to prevent the original locator from resuming work and saving his claim. The only injunction laid upon him by section 2324,

United States Revised Statutes, above, is that he shall resume work upon his claim in good faith before a location thereof is made by someone else. The location of a mining claim does not consist alone of discovery and posting notice of location. "The law contemplates that the location of a mining claim shall consist of a number of distinct acts which are independent of each other. ' The last that may be done does not relate back to the first, and all must be performed before a legal location exists." (*Gonu* v. *Russell*, 3 Mont. 358; *McKay* v. *McDougall*, 25 Mont. 258, 87 Am. St. Rep. 395, 64 Pac. 669.) In *Butte Con. Min. Co.* v. *Barker*, 35 Mont. 327, 89 Pac. 302, this court said: "In order to make a valid quartz lode mining location, our Political Code (sections 3610, 3611, and 3612) * * * requires (1) the discovery of a vein or lode; (2) the posting of a notice of location at the point of discovery containing the matters designated by section 3610; (3) the marking of the boundaries on the ground, and the doing of certain development work, designated in section 3611; and (4) the filing for record of a declaratory statement containing the matters mentioned in section 3612." Since the plaintiffs did not complete their location until the filing of the second amended declaratory statement in 1907, it would seem that the court's finding that defendant forfeited his claim must be erroneous, for, before that date, the defendant had resumed work on the Little Spring claim, and had expended in work and improvements some $900 or $1,000, and this apparently in perfect good faith.

But it is suggested that in order for defendant to comply with section 2324, Revised Statutes of the United States, above. it was necessary for him to do the work delinquent in 1897, but with this we do not agree. The government or a subsequent locator is the only one who can complain of a failure on the part of a locator to do the necessary annual work, and the subsequent locator is not in a position to make complaint until he has completed a valid location, and, if prior to the completion of such valid subsequent location the original locator has resumed work upon his claim in good faith, his previous delinquency is not a matter of consequence. (*Temescal Oil Min. &*

*D. Co.* v. *Salcido,* 137 Cal. 211, 69 Pac. 1010.)   Forfeitures are so odious to the law that the rule is quite uniform that every reasonable doubt will be resolved in favor of the validity of the mining claim as against the assertion of a forfeiture.   (27 Cyc. 600.)   Viewed in the light of this rule, we think the defendant showed such a resumption of work on his claim before plaintiffs' location was perfected as saved it from the charge of being forfeited.

The judgment and order are reversed, and the cause is remanded to the district court, with direction to enter judgment for the defendant for the territory in dispute.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH: I agree with what is said by MR. JUSTICE HOLLOWAY, and think he has reached a logical conclusion upon the record as presented to this court.   I am of opinion, however, that the testimony of the appellant tends to show abandonment of his Little Spring location, instead of forfeiture.   The court made no finding on the question of abandonment.   Whether that point was raised in the court below is not disclosed.   I think a new trial should be ordered.

Rehearing denied February 4, 1910.