GIBERSON et al., Respondents, v. TUOLUMNE COPPER MINING CO., Appellant.

(No. 2,841.)

(Submitted June 9, 1910.   Decided June 15, 1910.)

[109 Pac. 974.]

*Mines and Mining—Adverse Suits—Declaratory Statements—Sufficiency—Amended Statements—Effect — Trial — Amendments of Pleadings After Judgment—Harmless Error.*

Mines and Mining—Declaratory Statements—Sufficiency.
   1.   A declaratory statement of the location of a quartz lode mining claim, from the recitals in which it was fairly inferable that the discovery shaft cut the vein at a depth of at least ten feet below the surface, was a substantial compliance with the statute, and therefore sufficient.

Same—Declaratory Statements—Exclusion from Evidence—When Proper.
   2.   A declaratory statement of the location of a quartz lode claim was properly excluded where the party offering it had failed to make a preliminary showing relative to the dimensions of the posts used for marking the boundaries, or those of the mounds of earth or rock surrounding each post, or how far they had been set in the ground.

Same.
   3.   Where some time prior to discovery of a vein of mineral-bearing rock in place by defendant in an adverse suit, plaintiffs had completed their location of the ground in controversy by filing an amended declaratory statement which cured errors in the description of natural objects and permanent monuments in, and related back to, the original statement, the court properly excluded a like statement offered by defendant, since the latter paper could not operate to cut off the intervening rights of plaintiffs.

Same—Trial—Pleadings—Amendments After Judgment—Harmless Error.
   4.   Where in an adverse suit, after ordering a decree in favor of plaintiffs, the trial court permitted them to amend their complaint to admit proof of a second amended declaratory statement, and to introduce it in evidence, any error in such action was without prejudice to defendant, such paper not having been necessary to plaintiffs' case.

*Appeal from District Court, Silver Bow County; Geo. B. Winston, Judge.*

Action by Allen Giberson and others against the Tuolumne Copper Mining Company.   From a judgment in favor of plaintiffs and an order denying a new trial, defendant appeals. Affirmed.

*Messrs. Noon, Wilson & Day* submitted a brief in behalf of Appellant. *Mr. Bernard Noon* argued the cause orally.

*Mr. Lewis A. Smith* submitted a brief in behalf of Respondents, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On May 20, 1908, the Tuolumne Copper Mining Company made application in the United States Land Office at Helena for patent to the Smoky Moke quartz lode mining claim. Within sixty days from the date of the first publication of the notice of application, these respondents filed in the land office their adverse, claiming a portion of the ground under their location of the Merrimac quartz lode mining claim. The adverse was allowed, and within thirty days thereafter this suit was brought to determine which, if either, of the parties was entitled to patent to the area in dispute. Issues having been joined, the cause was tried, and a judgment rendered and entered in favor of plaintiffs (respondents here), from which judgment and an order denying a new trial the defendant company appealed.

The evidence offered on behalf of plaintiffs discloses that the ground covered by these conflicting locations was formally located as the "Helen G." claim, which had been abandoned; that on January 1, 1904, a discovery was made by plaintiffs of mineral-bearing rock in place at the abandoned shaft of the "Helen G." claim; that notice of location of the Merrimac was posted near this shaft, and within thirty days thereafter a new discovery shaft was sunk on the vein disclosed, the new shaft being some three feet east of the abandoned shaft; that the corners were marked, and on February 25 a declaratory statement was filed for record in the office of the county clerk and recorder of Silver Bow county. On May 23, 1905, an amended declaratory statement was filed, and on March 9, 1909, a second amended declaratory statement was filed for record. When the plaintiffs offered in evidence their declaratory statement and first

amended declaratory statement, objections were made thereto; but the objections were overruled, and error is now predicated upon the rulings made. It is urged that neither of these declaratory statements complies with the law in force at the time. (Sections 3611 and 3612, Political Code, 1895, as amended in an Act of the Seventh Legislative Assembly approved March 15, 1901 (Laws 1901, p. 140).) The amended declaratory statement was made to correct some errors in the description of the adjacent claims and other natural objects and permanent monuments, to which reference was made in the original declaratory statement, and was authorized by Laws of 1901, page 56.

Objection is urged to the original and amended declaratory statements that in neither one does it appear that the shaft cuts the vein at a depth of at least ten feet below the surface of the ground, and *Dolan* v. *Passmore,* 34 Mont. 277, 85 Pac. 1034, is cited in support of the contention that, for the reason given, these declaratory statements are void. But in *Helena Gold & Iron Co.* v. *Baggaley,* 34 Mont. 464, 87 Pac. 455, this court said: "It was suggested during the argument that the case of *Dolan* v. *Passmore* applies too strict a rule, in that under it the notice must state that the preliminary work has been done, as required in section 3611. * * * The requirement of the statute that the notice must state the dimensions could have no other purpose than to show a compliance with the law; and while we do not say that the notice should state definitely that the excavation cuts the vein at the depth or for the length required by the statute, yet the statement of the dimensions must be such as to leave at least an inference that such is the case, and a notice which fails to thus set forth the work done certainly does not conform to the spirit of the statute." The word "notice," used above, refers to the declaratory statement.

From the amended declaratory statement it appears that a discovery was made of a vein of mineral-bearing rock in place, and that a shaft four by eight feet and more than ten feet deep was sunk at the point of discovery. It seems fairly inferable, then, that the shaft was sunk on the vein for a depth of more

than ten feet, and that it must have cut the vein at that depth. This amended declaratory statement gives the name of the claim, the names of the locators, the date of location, the number of lineal feet claimed along the course of the vein each way from the point of discovery, with the width on each side of the center of the vein, and the general course of the vein. It gives a description of the boundaries of the claim, and its location with reference to adjacent claims and other natural objects and permanent monuments. It then gives the location of the discovery shaft—or point of discovery, which is the same—as one hundred feet west of the easterly end line, one hundred and ten feet east of the westerly end line, and equidistant between the side lines, and gives the dimensions of the shaft as stated above. This seems to be a substantial compliance with the statute in force at the time this location was made, and fully meets all the objections urged against it.

In seeking to make proof of its claim to the ground in controversy under the Smoky Moke location, the defendant introduced as a witness E. W. Merritt, who testified that he made discovery for the predecessors of defendant of mineral-bearing rock in place, in the abandoned shaft of the "Helen G." claim, on December 8, 1904. The witness testified: "With reference to locating this claim, I will say that I went to the bottom of that old shaft and sunk it ten feet deeper than it was and put up corners and so forth. I posted the notice of location on the east side of the 'Helen G.' shaft in a box."

A witness, Robert Buckley, for the defendant, also testified: "In regard to sinking, posting, and putting up posts and marking them at this time in this claim, I will say that we started at the northeast corner with No. 1 post with a monument of rocks around it and sank it in the ground with earth first, and then put rocks around it, and then went to the northwest corner and put up a corner there and a monument of just the same description, and then I went south and put up a corner there, and had two men with me, and then I went over there to the east, southeast corner and put up a monument there."

This is all the testimony given or offered relating to the markings of the boundaries of the Smoky Moke claim. It does not appear whether the posts used for marking the boundaries were or were not four inches square; whether they were or were not four feet six inches in length; whether they were or were not set one foot in the ground; or whether the mound of earth or rock, or both, surrounding each post, was or was not four feet in diameter, or was or was not two feet in height. With the record in this condition, defendant offered in evidence the declaratory statement of the Smoky Moke claim; but the trial court held that the preliminary showing was insufficient to admit it; and certainly error cannot be predicated upon the ruling made at that time. Furthermore, it is conceded by counsel for appellant that the original declaratory statement of the Smoky Moke claim did not comply with the statute in force at that time.

Immediately after the foregoing ruling was made, the amended declaratory statement of the Smoky Moke claim filed for record January 8, 1909, was offered in evidence, but was excluded, apparently for the same reason that the original declaratory statement was excluded. Long prior to the time this amended declaratory statement was filed for record, respondents had completed their location of the ground in controversy under their Merrimac location; and, if this amended declaratory statement of the Smoky Moke claim had been received in evidence, it could not have operated to cut off the intervening rights of respondents. It would relate back to, and cure the defects in, the original declaratory statement, just as respondents' amended declaratory statement related back and cured the defects in their original declaratory statement. (*Butte Consolidated Min. Co.* v. *Barker*, 35 Mont. 327, 89 Pac. 302, 90 Pac. 177; *Milwaukee Gold Extraction Co.* v. *Gordon*, 37 Mont. 209, 95 Pac. 995.) But respondents' amended declaratory statement, when filed, completed their Merrimac location as of date February 25, 1904, some time prior to discovery by the predecessors in interest of appellant. The amended declaratory statement of the Merrimac claim was filed for record May 2, 1905, before appellant had

perfected its location of the Smoky Moke claim, if in fact it ever did comply with the law in attempting to make the location of that claim.

After the trial court had ordered a decree in favor of plaintiffs, it permitted them to amend their complaint to admit proof of their second amended declaratory statement, and permitted them to introduce that amended declaratory statement in evidence. Whatever criticism might be made of this practice, if error at all was committed, it was error without prejudice; for it was not necessary to introduce this second amended declaratory statement, and its admission did not add anything to, and could not detract from, the case already made by the plaintiffs. These observations dispose of all the specifications of error.

Since there has not been called to our attention any reversible error in this record, the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH did not hear the argument, and takes no part in the foregoing decision.