WALSH, APPELLANT, *v.* KLEINSCHMIDT ET AL., RESPOND-
ENTS.

(No. 3,915.)

(Submitted May 4, 1918.  Decided June 6, 1918.)

[173 Pac. 548.]

*Mines and Mining—Failure of Location—Effect—Abandon-
ment—Quieting Title—Pleadings—Decree.*

Mining Claims—Failure of Prior Location—Effect on Junior Location.
  1.  A prior location of a quartz lode mining claim which thereafter
  fails does not so absolutely withdraw the land covered by it from
  entry as to defeat a valid junior location of the same ground.
Same—Abandonment—What may Constitute.
  2.  Where the prior locators of a mining claim agreed with a junior
  locator that the latter might make entry of the same ground on con-
  dition that they should have a one-fourth interest in the new loca-
  tion as well as a right of tunnel site thereon, the effect of such
  agreement was the abandonment by them of their claim or the yield-
  ing of precedence to the junior locator.
    [As to abandonment and forfeiture of mining claims, see note in
  87 Am. St. Rep. 403.]

---

On the question of respective rights of one who locates mining ground
before and one who relocates it after, the abandonment or forfeiture of
a senior location, see note in 16 L. R. A. (n. s.) 162, 168.

Same—Quieting Title—Pleadings—When Deemed Amended.
3.  In a suit to quiet title to a mining claim in the trial of which evidence was presented touching a matter not pleaded and which was permitted to go to submission as though a well-defined issue had been made as to it, the pleadings will on appeal be considered as amended to conform to the proof and the findings made thereon accepted as though stating the established facts.

*Appeal from District Court, Broadwater County; John A. Matthews, Judge.*

SUIT by William Walsh against Harry G. Kleinschmidt and others to quiet title to a mining claim. From the judgment for defendants, and from an order denying a new trial, plaintiff appeals. Remanded, with directions to modify.

*Mr. James A. Walsh,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Wellington D. Rankin,* for Respondents, submitted a brief; *Mr. R. L. Dick,* of Counsel, argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Suit by William Walsh to quiet title to the Peosta quartz lode, situate in Broadwater County, Montana. He claims exclusive ownership based upon discovery and location made July 10, 1914, followed by an appropriate marking of the boundaries and a due filing of the requisite certificate. The answer of the defendants asserts prior valid locations of the same ground under the title of Sidewiper by Harry Kleinschmidt, Albert R. Kleinschmidt and the plaintiff on June 6 and July 2; the interests of the said Kleinschmidts being thereafter and before the commencement of this action transferred to the defendant Ellen Kleinschmidt. The reply admits an attempted location of said ground as the Sidewiper on June 4, 1914, but alleges failure to mark the boundaries or make the recordation required by law; it also denies that the second Sidewiper location was made until August 2, 1914, or that it was followed by the requisite excavation or by the necessary filing. The findings of the jury material to this appeal were: (1) That the boundaries of the

original Sidewiper located June 4, 1914, were marked within thirty days thereafter; (2) that the second notice of location of the Sidewiper was posted on July 2, 1914; (4) that plaintiff consented to the second location of the Sidewiper; (7) that the Kleinschmidts did not on July 8 tell plaintiff they had abandoned the Sidewiper claim and would have nothing to do with it; (8) that the Kleinschmidts consented to plaintiff's location of the Peosta for himself; (9) that such consent was upon the condition that they should have a one-fourth interest in the claim and a right of tunnel site. The court adopted these findings, and further found that Harry and Albert R. Kleinschmidt had assigned all their right, title and interest to Ellen Kleinschmidt. From these findings it was deduced as conclusions of law that by the first location of the Sidewiper on June 4 the land was withdrawn from entry, and the location of the Peosta was void "even though the locators of the Sidewiper did not complete their work in discovery shaft within the sixty days." By the decree it was adjudged that the plaintiff "has no right, title, or interest in and to the premises  *  *  *  under and by virtue of the attempted location of the Peosta." From this judgment, as also from an order denying him a new trial, the plaintiff has appealed.

If we accept as controlling the theory assigned in the conclusions of law, it is perfectly clear that the judgment cannot be affirmed; for it is certainly not correct to say that a prior [1] location which subsequently fails so absolutely withdraws the land from entry as to defeat a junior location of the same ground otherwise valid; quite the contrary was the holding of this court in *Helena Gold & Iron Co.* v. *Baggaley,* 34 Mont. 464, 87 Pac. 455. Reverting, however, to the facts found in order that we may either uphold the judgment or otherwise finally determine the case—and we say without further elaboration that these findings are supported by sufficient evidence—we are [2] met by this situation: The Peosta was located after the second Sidewiper location, but by consent of the Kleinschmidts on certain conditions. This was tantamount to an agreement by

the Kleinschmidts to abandon the claim or yield precedence to the appellant; hence it cannot be said that the Peosta was void because of conflict with the second Sidewiper location, assuming the latter to have been followed by proper recordation. But such abandonment or yielding was upon condition, accepted by the appellant, to-wit, that he should charge the Peosta with a one-fourth interest and a tunnel site in favor of the Kleinschmidts, and the claim stands charged accordingly.

Counsel say that this is beside the present case and is a matter cognizable only in another action. We think otherwise. The controversy is in equity; all of it is before the court, and even though this feature was not elaborated in the pleadings, it was shadowed forth therein, was injected into the case at the outset by the appellant himself, evidence of it was presented, and the matter was permitted to go to a submission as though it were a defined issue in the case. The pleadings will therefore be considered as amended to conform to this proof; and the findings will be accepted as stating the established facts. Under these facts the decree should have been to recognize the Peosta as a valid location, but to decree that Ellen Kleinschmidt, as assignee of Harry and Albert R. Kleinschmidt, has an interest therein, to-wit, a one-fourth interest and the right of tunnel site.

The cause is therefore remanded, with directions to modify the decree accordingly. Each side will pay its own costs of appeal.

*Modified.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.