Tritlipo *v.* Lacy.

---

## Tritlipo *v.* Lacy.

WARRANTY.—*Breach.*—*Measure of Damages.*—*Instruction to Jury.*—Where, in an action to recover the contract price of a chattel, the defence is a counter-claim for damages for a breach of a warranty of soundness of such chattel, alleged to have been made by the plaintiff on the sale thereof, the court instructed the jury trying the case, that the measure of damages to be allowed for such breach, was the difference between such contract price and the actual value of such chattel at the time of sale, to which might be added " necessary expenses in finding and caring for such chattel during its unfitness for use caused by the unsoundness complained of."

*Held,* that such instruction is erroneous throughout.

INTERROGATORIES TO JURY.— *Verdict.*—*Supreme Court.*—*Practice.*—The question as to whether judgment should have been rendered upon answers of a jury to interrogatories, notwithstanding and contrary to their general verdict, can not be raised for the first time in the Supreme Court.

NEW TRIAL.—*Cause.*—*Interrogatories to Jury.*—That the answers of a jury to interrogatories are inconsistent with their general verdict is not ground for a new trial.

From the Hamilton Circuit Court.

*D. Moss*, for appellant.

*J. W. Evans* and *R. R. Stephenson*, for appellee.

BIDDLE, J.—Complaint on a promissory note. The defence set up against it is, that it was given for a horse which was warranted to be sound and was not sound. We do not state the pleadings any more particularly, as the parties have made no point upon them in their briefs. Trial by jury. A general verdict for appellee, who was the defendant below, and answers to certain special interrogatories, among which were the following:

"1. What was the horse, mentioned in the defendant's answer, actually worth at the date of the trade?"

"Answer. Seventy-five dollars."

"2. How much do you allow the defendant, if any thing, for keeping the horse in question?"

"Answer. Seventy-eight dollars."

Over a motion for a new trial, and exceptions reserved, a judgment was rendered for the appellee, on the general verdict.

The causes assigned for a new trial are:

1st. The verdict is not sustained by the evidence; and,

2d. Error, in giving certain instructions to the jury, which were asked for by the appellee. One of the instructions complained of was given in the following words:

"3. If the defendant purchased the horse under a warranty from the plaintiff that he was sound, the plaintiff is bound on his warranty for all damages necessarily and naturally resulting from the breach of the same; the measure of damages in such case being the difference between the actual value of the horse at the time of sale, and the contract price, to which may be added the necessary expenses of the defendant in finding

and caring for said horse, during his unfitness for use, caused by the unsoundness complained of."

The above instruction is erroneous throughout. *Street* v. *Chapman*, 29 Ind. 142; *Boohcr* v. *Goldsborough*, 44 Ind. 490; *The Pittsburgh, etc., R. W. Co.* v. *Heck*, 50 Ind. 303.

It is apparent, from the answer by the jury to special interrogatory number two, that this instruction injured the appellant, and, according to the answer to special interrogatory number one, the general verdict should have been for seventy-five dollars, in favor of the appellant; for the jury had no right to deduct the subsequent expense of keeping the horse, from his value at the time of the sale. Perhaps the judgment should have been for the appellant, on the special findings, for seventy-five dollars, notwithstanding the general verdict; but no such motion was made below, and the appellant can not raise the question, here, for the first time. The inconsistency of special findings with the general verdict is not a cause for a new trial, nor was it presented in this case in any way which will authorize us to consider the question. *Adamson* v. *Rose*, 30 Ind. 380; *Brannon* v. *May*, 42 Ind. 92; *Shanks* v. *Albert*, 47 Ind. 461.

But, for the error contained in instruction number three, the judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings