THE TOLEDO, WABASH AND WESTERN R. W. CO. v. CRAFT.

PRACTICE.—*Judgment Non Obstante Veredicto.—Special Findings.—Supreme Court.*—Where no motion is made for judgment on special findings of fact by a jury, which are inconsistent with their general verdict, judgment in accordance with the verdict can not be questioned in the Supreme Court.

From the Miami Circuit Court.

*W. Z. Stuart, T. A. Stuart* and *C. B. Stuart,* for appellant.

*A. Taylor,* for appellee.

Howk, C. J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in a complaint of two paragraphs, before a justice of the peace of Wabash county.

In the first paragraph of his complaint the appellee alleged, in substance, that, on the 20th day of July, 1874, the appellant was running and operating its railway, by running its locomotives, coaches and trains from east to west, through Wabash county and through the appellee's land in said county, but negligently and carelessly failed and neglected to erect or maintain fences on or along its said railway, and negligently and carelessly failed and neglected to keep and cause to be kept its railway securely fenced, and thereby, then and there, by its locomotives and cars, at said county, struck and killed one steer of the appellee's, of the value of forty dollars.

The allegations of the second paragraph of the complaint differ from those of the first only in these particulars; that they charge, that, on the 10th day of August, 1874, one hog of the appellee's, of the value of three dollars, was so struck and killed.

Wherefore the appellee said, that he had sustained damages in the sum of fifty dollars, for which and other proper relief he demanded judgment.

Before the justice, a trial of the cause resulted in a judgment for the appellee, from which the appellant appealed to the Wabash Circuit Court. From this latter court, on the appellant's application, the venue of the action was changed to the court below.

The appellant answered in two paragraphs; the first being a general denial, and the second setting up an affirmative defence, to which the appellee replied by a general denial.

The issues joined were tried by a jury, and a general verdict was returned for the appellee, assessing his damages in the sum of forty-two dollars and fifty cents. With their general verdict, the jury also returned their special findings as to particular questions of fact, submitted to them by the appellant under the direction of the court. These special findings of facts were, we think, clearly inconsistent with the general verdict; but, as the appellant did not move the court below for a judgment in its favor on the special findings of the jury, notwithstanding their general verdict, there is no question saved in the record for our decision, in relation to the special findings, and we need not set them out in this opinion.

The appellant's motions for a new trial and in arrest of judgment, in the order named, were severally overruled, and to each of these decisions the appellant excepted, and judgment was rendered on the verdict.

In this court, the appellant has properly assigned only two alleged errors of the court below, as follows :

1. In overruling its motion for a new trial; and,

2. In overruling its motion in arrest of judgment.

We have carefully examined and considered all the questions which fairly arise under each of these alleged errors, and we are led to the conclusion that no error has intervened and been properly saved, in the record of this action, which would entitle the appellant either to a new trial or to an arrest of the judgment of the court below. It is conceded by the appellant's counsel, that this case is "identical" with the case of *The Toledo, etc., R. W. Co.* v. *Craft, ante,* p. 390 ; and, upon the authority of that case, the judgment in this case must be affirmed.

The judgment is affirmed, at the appellant's costs.