[No. 9,208.    Department Two. — July 22, 1884.]

P. H. NEWBILL ET AL., RESPONDENTS, v. GEORGE P. THURSTON ET AL., APPELLANTS.

MINING CLAIM — LOCATION — MARKING BOUNDARIES. — Merely posting a notice upon a quartz ledge, claiming a certain number of feet along the ledge in both directions from the notice, is not a valid location of a mining claim within the meaning of the act of Congress. The claim must be marked by visible monuments or marks by which the boundaries can be readily traced.

APPEAL from a judgment of the Superior Court of the county of San Bernardino, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Satterwhite & Curtis,* for Appellants.

*Bicknell & White,* and *W. A. Harris,* for Respondents.

MYRICK, J. — Ejectment for a portion of a mining claim. The question is whether the location of the plaintiffs was sufficient to entitle them to recover. On the 26th of March, 1881, Newbill, one of the plaintiffs, went upon the ground and posted a notice and erected a discovery monument; no other marks or monuments were then made or erected, but the notice stated that the locator claimed twenty days within which to mark the boundaries and to record the claim. The ground claimed by the notice extended five hundred feet southeasterly, and one thousand feet northerly from the notice. During the ensuing two weeks, Newbill went from his camp, some twelve miles distant, to the claim, several times; he gives as his reason for not erecting monuments or placing other marks by which the boundaries could be readily traced, that he was ill and not able to perform the necessary labor. During the time, however, he went to another mining region and posted notices of location there. On the 5th of April, defendants' grantors made a location, properly marked, which embraced a portion of the ground indicated in the Newbill notice. On the 10th or 11th of April, Newbill made an arrangement with his co-plaintiffs, Wallace, Ferrell, and Parks, by which they were to complete his location, for their mutual benefit. Notice was accordingly posted on behalf of said plaintiffs, and monuments erected. The ground claimed by plaintiffs is called the "Red Jacket"; that claimed by defendants is called the "Mammoth." This action is to recover as much of the "Red Jacket" as is within the boundaries of the "Mammoth," and of a claim called the "Tiger." The court below, after stating the facts, found that from the time of the discovery by Newbill until the marking of the boundaries was finally completed, no unreasonable time elapsed, and there was no unreasonable delay, or any delay in making or completing the boundary marks or monuments, except such as was necessary and unavoidable. We are of opinion that this finding is not sustained by the evidence, nor does it harmonize with the undisputed acts of the parties. The Act of Congress authorizing the location of claims does not state any time within which

the location must be completed; but it says the claim must be distinctly marked on the ground, so that its boundaries can be readily traced. If a person be on the ground, actually engaged in making the location, it would hardly be asserted that another might locate over him; but the case before us does not present such transactions. Newbill was not on the ground engaged in marking the boundaries of his claim; he was away, part of the time detained by illness and part of the time engaged in posting notices elswhere. The location by his co-plaintiffs did not relate back to the original notice, but was an original transaction. The location by defendants' grantors was prior in time, and must prevail.

The location by James of the "Tiger" claim was subsequent to that of the plaintiffs. As James took no appeal, his location is not before us. The judgment and order as to the defendants, Thurston, Dougherty, and the Oriental Mill and Mining Company, and as to so much of the "Mammoth" claim as is within the lines of the "Red Jacket," are reversed, and the cause is remanded for a new trial.

SHARPSTEIN, J., and THORNTON, J., concurred.