[No. 12208.   Department Two. — March 20, 1888.]

## ALFRED PHARIS, APPELLANT, v. E. MULDOON, RESPONDENT.

MINING CLAIM — RELOCATION — RESUMPTION OF WORK — POSTING NOTICE — MARKING BOUNDARIES. — Where a mining claim has become subject to relocation, the resumption of work thereon by the original locator, after a notice of relocation has been posted thereon, but before the relocator has marked the boundaries of his location, is sufficient, under section 2324 of the United States Revised Statutes, to prevent the original location from lapsing.

APPEAL from a judgment of the Superior Court of Amador County.

On the 10th of July, 1884, the defendant located the ground in controversy as a quartz mining claim, and during the year 1885, expended thereon, in labor and improvements, the sum of sixty dollars. On the 1st of January, 1886, at the hour of one o'clock, A. M., the plaintiff went upon the ground and posted thereon a notice of location in his own name, but did not mark or establish any boundaries of his location until the 5th of the same month. On the 1st of January, 1886, the defendant, at the usual hour for miners to commence their labors, resumed work upon the claim, with two laborers, and worked the first and second days of the month with these laborers, expending at that time upon the claim the sum of ten dollars, and during the year 1886 expended in labor upon the claim the sum of more than two hundred dollars. On the 18th of November, 1886, the plaintiff brought the present action to quiet his title to the mine. Judgment was rendered in favor of the defendant, from which the plaintiff appealed. The further facts are stated in the opinion.

*Curtis H. Lindley,* and *D. B. Spagnoli,* for Appellant.

The performance by defendant of ten dollars' worth of work on January 1 and 2, 1886 (making a total expenditure of seventy dollars since July, 1884), did not constitute a resumption of work within the meaning of section 2324, United States Revised Statutes, so as to preclude plaintiff from perfecting his location on January 5th. The phrase "provided that the original locators . . . . have not resumed work after failure and before such location," as used in section 2324, United States Revised Statutes, should be construed to mean, either,—1. That the original locator has gone into possession and is actually engaged in making up the deficiency in the work of the previous year, at the time the second locator initiates or perfects his location; or 2. That the original locator has in the following year commenced and com-

pleted the amount of the deficiency prior to the acquisition of any rights by the subsequent locator. (*North Noonday M. Co.* v. *Orient M. Co.*, 6 Saw. 314; *Jupiter M. Co.* v. *Bodie Con. M. Co.*, 7 Saw. 115; *Belk* v. *Meagher*, 104 U. S. 282; *Little Gunnell G. M. Co.* v. *Kimber*, 1 Morr. Min. Rep. 536; *Du Prat* v. *James*, 65 Cal. 558; *Spiegelberg* v. *Clark*, Copp's Min. 421.)

*Eagon & Rust*, for Respondent.

There was no relocation of the respondent's mine, by the appellant, until the fifth day of January, 1886, — four days after the former had resumed work upon it, — because a location can be made only by posting a notice of such location, and marking on the ground attempted to be located the boundaries of such location. (*Newbill* v. *Thurston*, 65 Cal. 419; *Sweet* v. *Ronk*, 4 West Coast Rep. 120; *Belk* v. *Meagher*, 104 U. S. 284; *Funk* v. *Sterrett*, 59 Cal. 614; *North Noonday M. Co.* v. *Orient M. Co.*, 6 Saw. 299; *Garfield M. & M. Co.* v. *Hoemen*, 6 Mont. 53; Rev. Stats. U. S., sec. 2324.) The labor performed by the respondent, on the first and second days of January, 1886, constituted a resumption, and kept the respondent's original location good and intact. (*Belcher Con. G. M. Co.* v. *Deferrari*, 62 Cal. 160, and cases cited.)

FOOTE, C. —Action to quiet title to a mining claim. It is found by the court, and assumed by counsel upon both sides, that the claim of the defendant was not open to relocation until January 1, 1886.

At one o'clock, A. M., of that day, plaintiff posted his notice, but did not mark out his boundaries until January 5th. In the mean time, that is to say, at the usual hour of commencing work of that kind on the first day of January, 1886, the defendant resumed labor on his claim, did ten dollars' worth of work on it up to the 5th of January, 1886, and afterward, during that year, performed labor upon it to the amount of two hundred dollars more.

The marking of boundaries is a necessary part of the location (*Newbill* v. *Thurston*, 65 Cal. 419), and this was not done until January 5, 1886; the defendant had resumed work "after failure and before location." This being the case, the plaintiff's proceedings conferred no right upon him (*Belcher Con. G. M. Co.* v. *Deferrari*, 62 Cal. 163), even if we concede, what we are not prepared to admit, that an entry by stealth at one o'clock in the morning is within the contemplation of the act of Congress (sec. 2324, Rev. Stats. U. S.). The other points made require no special notice.

It results that the judgment should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.