BAKER, RESPONDENT, v. BUTTE CITY WATER CO., APPELLANT.

(No. 1,568.)

(Submitted May 11, 1903.   Decided May 20, 1903.)

*Appeal — Review — Exceptions — Sufficiency — General Verdict— Special Findings — Inconsistency—Mining Claim —Location Notice—Evidence.*

1.   The supreme court cannot review the action of the court below in disregarding one of the special findings of the jury, where the party complaining does not specifically except thereto, but relies entirely upon an exception to the entry of judgment in favor of the other party.

2.   A motion for judgment on the special findings is necessary; otherwise judgment will be entered on the general verdict as of course.   In the absence of such motion in the trial court, no question concerning the right to such judgment can be raised on appeal.

3.   Since the legislature has the right to provide rules for the marking of the boundaries of mining claims; for a record of such location; and what the recorded paper must contain,—the court may rightly exclude a location notice which fails to conform to the statute.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Ben Baker against the Butte City Water Company. Judgment for plaintiff. Defendant appeals. Affirmed.

*Messrs. Forbis & Evans,* and *Mr. T. Bailey Lee,* for Appellant.

*Mr. J. E. Healy,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This was an action in ejectment. Plaintiff alleged ownership of the premises in question, an illegal ouster therefrom by defendant, and an unlawful withholding of the possession thus acquired. The defendant denied plaintiff's ownership and that the ouster was illegal. It then affirmatively alleged "that at all times mentioned in plaintiff's complaint it was, and now is, the owner of, in possession of, and entitled to the possession of, the premises described in plaintiff's complaint." The question of the possession of the premises was not, therefore, an issue in the case.

Plaintiff testified without objection that defendant was in possession of the property, and the court instructed the jury as follows: "You are instructed in this case that the defendant is in possession of the premises in dispute, and it devolves upon the plaintiff to establish by a preponderance of the testimony his right to the possession of said premises by showing a valid location; and, if he fails in this respect, your verdict must be for the defendant."

At the close of the case the defendant requested four special interrogatories to be submitted for findings by the jury, of which that marked "No. 1" was as follows: "Was the defendant in this action, the Butte City Water Company, at the date of the commencement of this action, in possession of the ground in controversy?" The court complied with defendant's request in this regard. The record does not disclose whether plaintiff objected to the submission of this question, but the statement and

bill of exceptions were prepared and presented by defendant, and settled in his behalf, and could not properly contain plaintiff's objections or exceptions. (*Westheimer* v. *Goodkind*, 24 Mont. 90, 60 Pac. 813.) So that no presumption can be indulged as to whether plaintiff objected or consented to its submission. It is very clear that the court ought not to have submitted this question to the jury, because it was upon no issue involved in the case. The jury answered the question in the negative, and at the same time returned a general verdict for plaintiff, reciting therein "that the defendant withholds the possession of the same (the premises in dispute) from him." The record, therefore, discloses that the general verdict is inconsistent with this special finding. After the rendition of the verdict, plaintiff's attorney moved the court to enter judgment for plaintiff in accordance with the verdict of the jury, which motion, after a hearing, was sustained by the court. Defendant gave notice of intention to move for a new trial to be based upon "affidavits to be filed and upon a statement of the case to be prepared and settled." A statement on motion for a new trial and bill of exceptions was then settled. The record does not disclose whether a motion for a new trial was ever made or passed upon by the court. The appeal is taken from the judgment only.

The first error assigned is: "The court erred in setting aside finding No. 1." We cannot consider this alleged error for the following reasons:

First. The record does not disclose either a specific objection or exception to the action of the court in that regard. The question arose upon the hearing of plaintiff's motion for judgment upon the verdict. The court, in its ruling, stated: "This day motion to adopt findings and for judgment is argued by counsel, and by the court sustained, with the exception of finding No. 1, and judgment is ordered entered herein in accordance with said verdict." No objection to this action of the court in regard to the special finding is disclosed by the record. The only exception we find, which, by any possible construction, could be held

to refer to this action of the court, is stated as follows: "The court ordered judgment entered in favor of plaintiff and against defendant, to which action of the court, and the whole thereof, the defendant then and there duly excepted." In other words, counsel did not specifically object to the action of the court below in disregarding finding No. 1, and did not specifically except thereto, but relied entirely upon an exception to the entry of judgment. We do not think that this exception is sufficient to warrant consideration of the error assigned.

Second. The record does not disclose that the defendant sought in any way or manner to take advantage of the inconsistency of this finding No. 1 with the general verdict by motion for judgment upon such finding notwithstanding the general verdict. We do not believe that the court was bound, in the absence of any action on the part of defendant indicating any reliance upon this finding, to give the defendant any benefit arising from its existence. How can we say that, if defendant had made a motion for judgment upon this finding disregarding the general verdict, it would not have been granted? The following authorities hold directly, under statutes almost identical with ours, that, in order to have the question of inconsistency between a special finding and general verdict considered or passed upon by the appellate court, the party claiming such inconsistency must move the court below for judgment in his favor upon the special finding. (*Tritlipo* v. *Lacy,* 55 Ind. 287; *Toledo W. & W. R. W. Co.* v. *Craft,* 62 Ind. 395; *Bartlett* v. *P. C. & St. L. Ry. Co.,* 94 Ind. 281; *North Western Mut. Fire Ins. C.* v. *Blankenship,* 94 Ind. 535, 48 Am. Rep. 185; *Carter & Bro.* v. *Mo. M. & L. Co.,* 6 Okl. 11, 41 Pac. 356.) The rule is stated by the text-writers as follows: "In order to obtain the advantage of special findings, a motion for a judgment upon them is necessary." (Thompson on Trials, Sec. 2696. "A motion for judgment on the special findings is necessary, as otherwise the judgment will be enforced as a matter of course upon the general verdict. In the absence of such a motion in the trial court, no question concerning the right to

such judgment can be raised on appeal." (20 Enc. Pl. & Pr. 375.) We agree with the doctrine here announced.

The next error specified is that "the court erred in admitting the plaintiff's location notice of the Key Note." We have examined the notice of location referred to, and the same seems to be regular in every respect, and in accordance with the provisions of the statute of this state. We, therefore, are of the opinion that the court correctly admitted it in evidence.

The next error alleged is that "the court erred in excluding the location of defendant's Keyno claim." We have examined this notice of location, and are satisfied that it does not conform to the statute of the state of Montana, or with the construction thereof by this court in the case of *Purdum* v. *Laddin,* 23 Mont. 387, 59 Pac. 153. The question as to the right of the legislature to provide rules for the marking of the boundaries of mining claims, and providing for a record of such location, and what the recorded paper must contain, has so long been recognized in this state, and has so many times been approved by this court, that it would be useless to enter again into any consideration of the questions so decided. We are satisfied, therefore, that the court did not err in excluding the location notice of the Keyno claim.

All other errors specified in the brief have been waived, either in the brief itself or by counsel for the appellant in his argument before the court.

Finding no error in the record, we advise that the judgment appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment appealed from is affirmed.