[No. 7873. Department Two. January 12, 1910.]

C. C. KNUTSON, *Respondent*, v. FRED FREDLUND, *Appellant*.[1]

MINES AND MINERALS—LOCATION NOTICES—SUFFICIENT STATE REGULATIONS. A mineral relocation notice is insufficient and inadmissible in evidence under Laws 1899, p. 69, § 1, where it fails to state the length claimed on each side of the discovery, the general course of the lode, or to identify the claim by reference to natural monuments as required by that act; since compliance with state laws not inconsistent with the Federal statutes is essential to a valid relocation.

SAME—ACTION TO RECOVER POSSESSION—DEFENSES—AMENDED NOTICES. In an action to recover possession of a mining claim, the defendant cannot base any right upon amended relocation notices posted by him after the commencement of the action.

SAME—ASSESSMENT WORK—FORFEITURE—SUPERIOR TITLE. In an action to recover possession of a mining claim, a defendant holding

[1]Reported in 106 Pac. 200.

under an invalid relocation is not entitled to attack plaintiff's title by reason of his failure to do assessment work, as such failure did not work a forfeiture until valid relocation was made.

SAME—RESUMPTION OF WORK—FORFEITURE. A resumption of assessment work prior to the lawful inception of intervening rights, saves a forfeiture for failure to do the required work.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered May 18, 1908, in favor of the plaintiff, by direction of the court, after a trial before the court and a jury, in an action to recover mining claims. Affirmed.

*Judson & Rochford,* for appellant.

*C. S. Voorhees, Reese H. Voorhees,* and *F. Y. Wilson,* for respondent.

CROW, J.—This action was commenced by C. C. Knutson against Rasmus Malde, Harry Bodey, Mrs. Harry Bodey, Mrs. Rose Crocker, and Fred Fredlund, to recover possession of two unpatented mining claims in Stevens county. From a judgment in plaintiff's favor, the defendant Fred Fredlund has appealed.

The claims were originally located in 1896, by C. C. Knutson and others, but by mesne conveyances and judicial proceedings they subsequently passed to the respondent, C. C. Knutson, alone. The appellant, Fred Fredlund (all other defendants having disclaimed), predicated his rights upon alleged relocations made by him in December, 1906, he claiming that the original locations made by Knutson and others had been abandoned, because the respondent Knutson and his predecessors in interest had failed to do the required assessment work thereon. On the trial the respondent, by competent evidence, made proof of the original locations in 1896, deraigned his title therefrom, and rested without showing the assessment work done. Appellant thereupon offered in evidence the notices under which he claimed his relocations, but upon respondent's objection they were rejected. Thereafter

he offered to show that respondent had not done the required assessment work for the year 1905, which offer was rejected upon the theory that the appellant, not having made any valid relocations, was not entitled to show that respondent's assessment work had not been done. Appellant's alleged relocations were made subsequent to the enactment of chapter 44, page 69, Laws 1899, and the sufficiency of his notices must be measured, not only by the Federal laws, but also by that statute, section 1 of which reads as follows:

"The discoverer of a lode shall within ninety (90) days from the date of discovery, record in the office of the auditor of the county in which such lode is found, a notice containing the name or names of the locators, the date of the location, the number of feet in length claimed on each side of the discovery, the general course of the lode and such a description of the claim or claims located by reference to such natural object or permanent monument as will identify the claim."

Ten assignments of error are made by appellant, but the controlling questions on this appeal are, (1) whether his location notices were sufficient and should have been admitted in evidence, and (2) whether he was entitled to show that the respondent had abandoned his claims by failing to do required assessment work.

Appellant's location notices failed to comply with the requirements of the statute of this state. They did not designate the point of discovery. There was no attempt to indicate "the number of feet in length claimed on each side of the discovery," to state "the general course of the lode," or to describe the claim by reference to any natural monument so as to identify it. The right of the states to legislate upon the subject of mining locations and location notices and to make requirements of locators in addition to, but not inconsistent with, those made by Congress, has been repeatedly upheld by the Federal and state courts. *Belk v. Meagher*, 104 U. S. 279; *Baker v. Butte City Water Co.*, 28 Mont. 222, 72 Pac. 617, 104 Pac. 683; *Butte City Water Co. v. Baker*, 196 U. S. 119; *Wolfley v. Lebanon Mining Co.*, 4 Colo. 112; *Sisson v.*

*Sommers*, 24 Nev. 379, 55 Pac. 829; *Northmore v. Simmons*, 97 Fed. 386. To make valid relocations of the alleged abandoned claims it was therefore obligatory upon the appellant to comply with the statute of this state in preparing and recording his location notices. In *Sisson v. Sommers, supra*, the supreme court of Nevada said:

"To enable a party to maintain a right to a mining claim after the right is acquired, it is necessary that the party continue substantially to comply, not only with the laws of Congress, but with the valid laws of the state and valid rules established by the miners, in force in the district where the claim is situated upon which such right depends. Failure to comply with such laws and rules works a forfeiture, whether the laws and rules provide for forfeiture for noncompliance or not, and the mining claim becomes subject to location by any qualified locator."

In *Purdum v. Laddin*, 23 Mont. 387, 59 Pac. 153, the court said:

"Section 3612 of the Political Code provides that, within 90 days from the date of posting upon the claim the location notice required by section 3611, there must be filed with the county clerk a declaratory statement, which must contain, among other things: '7. The location and description of each corner, with the markings thereon.' The statute is mandatory, and substantial compliance with its provisions is necessary to perfect a valid location. 'A location is not made by taking possession alone, but by working on the ground, recording, and doing whatever else is required for that purpose by the acts of congress and the local laws and regulations.' (*Belk v. Meagher*, 104 U. S. 284, 26 L. Ed. 735; *Garfield M. & Mining Co. v. Hammer*, 6 Mont. 53, 8 Pac. 153.) That the legislative assembly had power to enact sections 3610 to 3613 of the Political Code is, in this state, too firmly established to permit of serious discussion or doubt; and that the provisions of these sections are mandatory, reasonable and not in conflict with any act of Congress, seems clearly within the principles announced or tacitly recognized in *O'Donnell v. Glenn*, 8 Mont. 248, 19 Pac. 302; *McCowan v. McClay*, 16 Mont. 234, 40 Pac. 602, and *Sanders v. Noble*, 22 Mont. 119, 55 Pac. 1037."

Appellant's notices of the relocation of the claims were properly rejected. Some time after the commencement of this action, the appellant prepared, posted, and filed amended notices, which he also offered in evidence, but which were likewise rejected by the trial court. They failed to cure the defects of the original notices, and without regard to other objections to their competency, were for that reason properly excluded.

After the trial judge had refused to admit the appellant's notices in evidence, he properly held that the appellant was in no position to offer any evidence for the purpose of showing that the respondent or his predecessors in interest had not done the required assessment work for the year 1905. In passing upon this question the supreme court of Montana said:

"Appellants further allege that the W. W. Dixon lode was forfeited because of the failure of respondent to do the necessary annual work upon the claim for the years 1897 and 1898. The purpose of annual representation is to enable the locator to hold his claim as against all persons. It is not required for any purpose which affects the general government. (2 Lindley, Mines (2d ed.), § 624, and cases.) The government cannot forfeit the claim if the annual representation has not been placed upon it. In order to make the want of annual representation effective, the ground must be entered and located by another person. We have seen that the pretended entry and location by the appellants was absolutely void and of no effect, and therefore they cannot raise the question as to the sufficiency of representation work." *Wilson v. Freeman*, 29 Mont. 470, 75 Pac. 84, 68 L. R. A. 833.

Appellant's only purpose in attempting to show respondent's alleged nonperformance of work was to establish a forfeiture of respondent's claims. No forfeiture would result from nonperformance of labor unless a valid relocation was made by some third party before work was resumed by respondent. Appellant made no valid relocation. It is manifest that he did not by any act of his cause a forfeiture of

respondent's right to resume work, and that he is, therefore, in no position to question the amount of work respondent has done or has failed to do.

"A forfeiture does not ensue from the mere failure to comply with the law. It requires the intervention of a third party, and a relocation of the ground before any forfeiture can arise. When thereby such forfeiture becomes effectual, the estate of the original locator is hopelessly lost, and there is no possibility of its being restored. The statute provides that,—'Upon a failure to comply with these conditions, the claim or mine upon which such failure occurs shall be open to relocation in the same manner as if no location of the same had ever been made; provided, that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location.' Resumption of work at any time prior to the lawful inception of an intervening right *prevents* forfeiture. It does not restore a lost estate." 2 Lindley, Mines (2d ed.), § 651.

See, also, 27 Cyc. 595-6; *Belk v. Meagher, supra; Pharis v. Muldoon*, 75 Cal. 284, 17 Pac. 70; *McGinnis v. Egbert*, 8 Colo. 41, 5 Pac. 652; *Lacey v. Woodward*, 5 N. M. 583, 25 Pac. 785.

We find no prejudical error in the record. The judgment is affirmed.

RUDKIN, C. J., DUNBAR, PARKER, and MOUNT, JJ., concur.