Holcomb, J.
 

 Respondent, a domestic corporation, brought this action to quiet title to thirteen unpatented mining claims in the Olympic mining district, Jefferson county, Washington, and to enjoin appellants from
 
 *685
 
 disturbing respondent’s possession. These claims were all designated by the name “Olympic” and the numbers from 1 'to 13, inclusive. Respondent claims title to them by virtue of notices of location or relocation made by grantors of respondent.
 

 The grantors of respondent located these thirteen mining claims in May, 1928. The notices of location posted and filed by the locators failed to tie the claims to any natural objects or fixed monuments which would give their exact location, and failed to state that the claims partly covered abandoned ground. To supply the last mentioned defect, amended notices were posted and filed in July, 1928. In March, 1929, the morning the trial of this case began in the lower court, second amended notices were filed in the auditor’s office of Jefferson county, giving natural objects or fixed monuments to show accurately the situation of the claims. All of these notices, amended, and second amended notices, were admitted in evidence over objection of appellants. In the absence of intervening rights, the second amended notices were admissible, although not filed until after trial began.
 
 Butte Consol. Mining Co. v.
 
 Barker, 35 Mont. 327, 89 Pac. 302, 90 Pac. 177;
 
 United States v. McCutchen,
 
 217 Fed. 650.
 

 In 1924 appellants had located six claims as original locations, called the Achilles group, covering most of the same ground as those of respondent. Respondent alleged that these claims had been abandoned and forfeited because of failure to perform the annual assessment labor in 1926 and 1927. Appellants had filed pretended proofs of assessment labor for each of those years in the office of the auditor of Jefferson county. That for 1925-1926 was by affidavit of one of appellants that, during the year ending June 30, 1926, for and on behalf of himself and co-owners of the six mining claims, labor and improvements had been done,
 
 *686
 
 consisting of work in clearing, opening, widening and otherwise improving trails to and approaching the claims for six miles;• also general exploitation of the lodes in the claims and repairing camp buildings used in connection with the claims, which labor commenced on July 24, 1925, and continued to and including September 2, 1925, of the value of $400. That for 1926-1927 was made by affidavit of the same co-owner for labor and improvements upon the Achilles group of mining claims for the year ending June 30,1927, to the effect that labor and improvements of the value of $600 had been done, consisting of rebuilding bridges, corduroys and culverts on the Copper Creek trail; swamping out and clearing that trail for six miles of all logs, brush and other obstructions, so as to make it available for packing tools, supplies and machinery to the claims; also blazing and partly opening a trail for three miles through Marmot Pass to Silver Creek, to-be used in transporting ore from the mining claims, and general exploitation of the claims extending over a period of sixty days’ time, two men being employed thereon for twenty-five days and one man for ten days, commencing August 3 and ending September 6, 1926. That for 1926 consisting of the affidavit of the same co-owner of labor and improvements consisting of building a trail by brushing, clearing, surveying and grading one mile of new trail from Forest Reserve trail in Big Quilcene valley into Marmot valley for use ' in transporting supplies, tools and machinery to the claims and packing ore therefrom and for general exploitation of the claims, extending over a period of sixty days’ time, commencing on the — day of September, 1927, and ending on the — day of October, 1927.
 

 Testimony of the same kind was given at the trial. Testimony to the contrary was given by respondent.
 
 *687
 
 The trial court refused to find that the assessment work had been done for 1926, 1927 and 192.8, as requested by appellants, and on the contrary found that the work had not been done.
 

 An examination of the evidence shows that the testimony as to the assessment work being done for those years was overwhelmingly refuted by respondent’s witnesses. We are therefore bound to accept the finding of the trial court that the assessment work required of appellants for those years, under the mining statutes, TJ. S. Rev. Stat. (2d ed.), §2324, had not been performed. That being the situation, the mining claims were forfeitable thereafter, unless appellants had acquired additional rights prior to the initiation of any adverse rights tending to forfeit the abandoned claims.
 
 Protective Mining Co. v. Forest City Mining Co.,
 
 51 Wash. 643, 99 Pac. 1033;
 
 National Milling & Mining Co. v. Piccolo,
 
 57 Wash. 572, 107 Pac. 353;
 
 Florence-Rae Copper Co. v. Kimbel,
 
 85 Wash. 162, 147 Pac. 881;
 
 Gold Creek Antimony Mines & Smelter Co. v. Perry,
 
 94 Wash. 624, 162 Pac. 996;
 
 Kirkpatrick v. Curtiss,
 
 138 Wash. 333, 244 Pac. 571;
 
 Karnes v. Flint,
 
 153 Wash. 225, 279 Pac. 728.
 

 The only question then left to determine is whether or not respondent had such possessory right as would entitle it to quiet the same against appellants and enjoin appellants from interfering with the possessory right of respondent. We keep ever in mind that forfeitures are odious and should be avoided when possible, as held in above cases. Much of the complaint of appellants on this appeal is that the notices of location of respondent, whether considered as original notices or as relocation notices, are defective. It is claimed that the original notices of location were invalid because they failed to. comply wdth Rem. Comp. Stat., §§8622, 8623, 8626, 8629 and 29
 
 *688
 
 U. S. C. A. § 28. Those statutes need not be set out here, as they are quite lengthy and have been considered by this court in several previous decisions— notably those above cited.
 

 Appellants seem to rely largely upon our decision in
 
 Knutson v. Fredlund,
 
 56 Wash. 634, 106 Pac. 200. That case can have no application here for the reason that it clearly appeared there that the original location notices were void and relocation notices made by him did not cure the defects of the original notices. This case seems to us to be ruled by
 
 Kirkpatrick v. Curtiss, supra,
 
 and the cases there cited.
 

 Appellants also contend that the relocation notices posted and filed by respondent’s grantors were defective in not properly identifying the ground located within each claim as required by our statute. An examination of the amended and second amended notices discloses that they sufficiently identified the claims with reference to natural objects as relocations, and would relate back to the original attempted location.
 
 Butte Consol. Mining Co. v. Barker, supra;
 
 Morrison’s Mining Rights (15th ed.) 164.
 

 We conclude therefore that the amended notices constituting relocation notices were sufficient in description and context under our statutes to initiate title to the mining’ claims, and to maintain possession thereof as against appellants. The notices were much more definite than that in
 
 Erhardt v. Boaro,
 
 113 U. S. 527. See Lindley on Mines (3d ed.) § 383.
 

 There was evidence to the effect that monuments of rock were built on each claim, each monument contained a post six to seven feet high, and on each post on every claim was a notice of the claim, as it was filed each time. That was amply sufficient to show that the claims were marked on the ground and the territory plainly defined.
 

 
 *689
 
 Tie trial court who heard the witnesses and examined the evidence having held that the assessment work was not done for the years in question, with ample evidentiary support, the claims therefore forfeited, we feel bound to concur with the other findings, conclusions and decree of the trial court in favor of respondent.
 

 The decree is therefore affirmed.
 

 Mitchell, C. J., Main, Fullerton, and Parker, JJ., concur.