**Octavia FEATHERSTON, Trustee in Bankruptcy for the United Mineral Industries, Inc., Bankrupt, and Victor Howard Company, Inc., Plaintiffs,**

v.

**Thomas R. HOWSE, Defendant.**

**Civ. A. No. 695.**

United States District Court
W. D. Arkansas
Hot Springs Division.

May 21, 1957.

**354**

Dobbs, Pryor & Dobbs, Ft. Smith, Ark., Nabors Shaw, Mena, Ark., for plaintiffs.

B. W. Thomas, Richard W. Hobbs, Hot Springs, Ark., for defendant.

JOHN E. MILLER, District Judge.

On April 29, 1957, this case was tried to the Court without a jury, and at the conclusion of the trial the Court took the case under advisement pending receipt of briefs of the parties in support of their respective contentions.

The briefs have been received, and the Court, after considering the pleadings, testimony of the witnesses, exhibits, stipulations, briefs, and proposed findings of fact submitted by plaintiff, now makes and files herein its findings of fact and conclusions of law, separately stated.

Findings of Fact

1.

All of the plaintiffs in this action are citizens and residents of the State of Arkansas; the defendant, Thomas R. Howse, is a citizen and resident of the State of Tennessee; the amount in controversy exceeds the sum of $3,000, exclusive of interest and costs.

2.

United Mineral Industries, Inc., an Arkansas corporation, by Thomas R. Howse, President, on October 9, 1953, located claims numbered 1 to 12, inclusive, and described in paragraph 3 of plaintiffs' complaint, and caused said location notices to be recorded in Book "D", pages 226 to 237, inclusive, of the records of Pike County, Arkansas.

3.

United Mineral Industries, Inc., by Thomas R. Howse, President, located on March 15, 1954, claims numbered 13 to 32, inclusive, as described in paragraph 3 of plaintiffs' complaint, and caused the same to be recorded in Book "D", pages 238 to 256, inclusive, of the records of Pike County, Arkansas.

4.

Prior to the location of said claims the said United Mineral Industries, Inc., had acquired all other interest in the claims as located, and upon that date became the full and complete owner of said mining claims.

5.

Thereafter the United Mineral Industries, Inc., was in actual possession of said claims, and mined and removed minerals from some parts thereof; no other person was in possession of said claims.

6.

United Mineral Industries, Inc., was adjudicated bankrupt on the 16th day of July, 1956, and Octavia Featherston was the duly elected and appointed trustee in bankruptcy of said estate.

7.

At the time of said adjudication in bankruptcy, the defendant, Thomas R. Howse, was President of United Mineral Industries, Inc., and was the managing officer and the holder of 11 percent of the stock of said corporation.

8.

On November 27, 1956, the trustee in bankruptcy sold, at public auction pursuant to notice, all of the assets of United Mineral Industries, Inc., including a Manganese reduction mill, a lease from the United States Government on lands not involved in this action, and the claims described in plaintiffs' complaint numbered 1 to 32, inclusive. At the said sale Victor Howard, for himself and for other parties, purchased said assets.

9.

Thereafter, the right of Victor Howard or Victor Howard Company, Inc., was transferred and assigned to Pike Mining & Milling Company, a corporation organized subsequent to said sale, and upon payment of the balance of the purchase price the trustee in bankruptcy conveyed said claims numbered 1 to 32, inclusive, as set out in plaintiffs' complaint to Pike Mining & Milling Company, and said sale was approved by the Referee in Bank-

ruptcy, and the deed so made by the trustee was approved by the Referee in Bankruptcy.

### 10.

At the time of said sale held on November 27, 1956, at 2:00 o'clock p.m. in the City of Little Rock, Thomas R. Howse was present in person. At said sale Victor Howard inquired of the Referee and the Referee inquired of the defendant Howse and his attorney whether there were any adverse claims filed by anyone as to the mining claims owned by United Mineral Industries, Inc., and was advised that the defendant had no knowledge of any adverse claim. Victor Howard had been advised that no assessment work had been done on the claims for the years 1955 and 1956.

### 11.

On May 18, 1954, United Mineral Industries, Inc., by Thomas R. Howse, filed a proof of assessment work certifying

"that assessment work in excess of $1,300.00 has been done from July 1, 1953 to July 1, 1954 on Mining Claims Numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 located in Sections 5 and 6, Township 5 South, Range 26 West, Pike County, Arkansas, as evidenced by structures, roads, tunnels, and the cost of labor and materials for the exploration of minerals thereon."

On July 23, 1955, the United Mineral Industries, Inc., by Thomas R. Howse, filed a proof of assessment work certifying that

"assessments resulting in expenditures in excess of $3,200.00 has been done from July 31, 1954 to and through June 30, 1955 on Mining Claims Numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 located in Sections 4, 5 and 6, Township 5 South, Range 26 West, Pike County, Arkansas, as evidenced by structures, roads, tunnels, shafts, drifts, stopes, labor and material for the exploration and

mining thereon and reflected in the books of the corporation."

On January 2, 1956, United Mineral Industries, Inc., by Thomas R. Howse, President, executed and later on May 16, 1956, filed for record an instrument designated "Notice of Assessment Work and Application for Patent" reciting that United Mineral Industries, Inc., is the owner of a group of contiguous manganese lode mining claims and certified

"that expenditures in excess of $19,-000.00 have been made on one or more of the 32 contiguous manganese lode mining claims, which is in excess of the required expenditures of $500.00 for each claim for patent purposes, and such expenditures are reflected in the books and records of the named corporation."

And further stating

"The 32 manganese lode mining claims referred to above have been properly surveyed, corners marked, lines blazed in orange-yellow paint, and the papers properly recorded. They are described as follows: Numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 located in Sections 4, 5, and 6, Township 5 South, Range 26 West, Hogpen Mining District, Pike County, Arkansas.

"Legal Notice. Poachers, potential claim-jumpers or others who should endeavor or attempt to deprive the United Mineral Industries, Inc. of its possessive rights shall be prosecuted in a court of competent jurisdiction."

### 12.

The defendant Thomas R. Howse executed and caused to be posted upon the claims involved in this litigation a notice dated May 1, 1956, stating

"Notice is herewith posted on the property of United Mineral Industries, Inc. that said company has complied with the requirements of expending not less than $500.00 on each claim of a group of 32 con-

tiguous claims for patent purposes, and has subsequently applied for the required survey.

"Under the federal law, anyone filing an adverse claim between the period of publication of notice by one claiming a possessive right must do so by suit in a court of competent jurisdiction. This notice covers a group of contiguous claims recorded as follows: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 located in Sections 4, 5 and 6, Township 5 South, Range 26 West, Hogpen Mining District, Pike County, Arkansas.

"Anyone trespassing on the above described claims without written consent of a duly authorized representative of United Mineral Industries, Inc. will be subjected to prosecution."

13.

On November 29, 1956, the defendant Thomas R. Howse filed claims numbered 1, 2, 3, and 4 which appear to overlap claims 8, 9, and 10, 11, 12 and 13 of the claims conveyed by the trustee in bankruptcy to Pike Mining & Milling Company.

14.

On November 30, 1956, the defendant Thomas R. Howse filed claims numbered 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 which overlap claims 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of the claims conveyed by the trustee in bankruptcy to Pike Mining & Milling Company.

15.

On December 19, 1956, the defendant Thomas R. Howse filed claims numbered 25, 26, 28, 29, and 30 which overlap claims numbered 1 through 7, inclusive, of the claims conveyed by the trustee in bankruptcy to Pike Mining & Milling Company.

16.

On December 26, 1956, the defendant Thomas R. Howse filed claims numbered 17, 18, 19, 20, 21, 22, 23, 24, 31, 32 and 33, which claims overlap claims numbered 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 and claims 2, 3 and 6 of the claims conveyed by the trustee in bankruptcy to Pike Mining & Milling Company.

17.

Said overlapping practically encompasses all of the claims conveyed by the trustee in bankruptcy to Pike Mining & Milling Company.

18.

Apparently claims numbered 27 and 34 of the defendant do not overlap any of the claims conveyed by the trustee in bankruptcy to Pike Mining & Milling Company.

19.

All of said claims purport, on their face, to have been located on November 27, 1956.

20.

None of the claims filed by Thomas R. Howse describes any type of physical marking on the ground.

21.

There were no markings of the claims filed by Thomas R. Howse on the ground whereby anyone familiar with the locality could locate and determine the boundaries of any claim.

22.

With the consent of the trustee in bankruptcy and pursuant to the purchase at said sale, Victor Howard and associates, or his company, Victor Howard Company, Inc., on November 29, 1956, went into possession of the claims subsequently conveyed by the trustee in bankruptcy.

Pike Mining & Milling Company succeeded to all the rights of Victor Howard, Victor Howard Company, Inc., and the trustee in bankruptcy by the deed executed by the trustee in bankruptcy dated February 12, 1957, and approved by the Referee in Bankruptcy.

23.

Since taking possession of the claims, Pike Mining & Milling Company has expended approximately $20,000, two-

thirds of said amount having been spent on the mill and one-third on the claims.

### 24.

On December 26, 1956, the defendant wrote the Victor Howard Company, Inc., notifying said company that claims had been filed by defendant in Section 6, Township 5 South, Range 26 West, Pike County, Arkansas, and requesting the company to refrain from any encroachment on defendant's claims.

### 25.

Subsequent to the sale on November 27, 1956, the only time defendant was on the claims in question was on December 15, 1956. At that time he marked one corner of claim numbered 1; posted one notice; and posted a "No Trespassing" sign. The instant suit was filed on December 28, 1956, and summons was served on the defendant January 2, 1957. Between December 15, 1956, and January 2, 1957, defendant took no action on the claims, and he likewise took no action on the claims after January 2, 1957.

### Discussion

In the beginning it may be noted that there was very little conflict in the evidence, and the Court has adopted the plaintiff's proposed findings of fact after making a few minor changes and additions. Thus, the real question presented is one of law.

At the outset it should also be noted that the plaintiff, Pike Mining & Milling Company, Inc., has acquired all the rights of the bankrupt company and Victor Howard Company, Inc., and for purposes of this discussion the Court will refer to said Pike Mining & Milling Company, Inc., as the plaintiff.

It is admitted that plaintiff's predecessor, United Mineral Industries, Inc., was the full and complete owner of the 32 claims prior to 1955.

■ The only defect in plaintiff's title now urged by defendant is the alleged failure of plaintiff's predecessors to do the required assessment work subsequent to June 30, 1955. In this connection, it is well settled that the forfeiture of a mining claim by the failure of the owner to perform the annual labor must be established by clear and convincing evidence. Buffalo Zinc & Copper Co. v. Crump, 70 Ark. 525, 540, 69 S.W. 572. It is doubtful whether the defendant, in view of his own affidavits, has established the failure of plaintiff's predecessors to do the required assessment work. However, assuming that no assessment work was done for the fiscal year beginning July 1, 1955, and ending June 30, 1956, defendant stands in no better position.

■ If said assessment work was not done, the 32 claims would have been open to relocation on July 1, 1956. But at any time thereafter the original owner, or his heirs, assigns, or legal representatives could resume work upon the claims unless a third party in the meantime had completed a valid location. 30 U.S.C.A. § 28; Willitt v. Baker, D.C W.D.Ark., 133 F. 937; Worthen v. Sidway, 72 Ark. 215, 226, 79 S.W. 777; Buffalo Zinc & Copper Co. v. Crump, supra.

On November 29, 1956, plaintiff's predecessor, Victor Howard Company, Inc., took possession of the 32 claims, and in good faith began the required assessment work. On the same day the defendant filed his claims numbered 1, 2, 3, and 4. The remainder of defendant's 34 claims were filed subsequent to November 29. All of defendant's 34 claims purport to have been located on November 27, 1956, but this is erroneous since defendant did not go on the claims until December 15, 1956.

■ Thus, on November 29, 1956, plaintiff, through its predecessor, Victor Howard Company, Inc., took possession of the 32 claims and began performing the required assessment work, and on the same date defendant filed his claims numbered 1, 2, 3, and 4. There was no evidence as to which occurred first—the filing of the claims by defendant or the beginning of assessment work by plaintiff's predecessor. The burden of proof being on the defendant, the Court is of

the opinion that defendant has failed to prove that his claims were filed prior to the time plaintiff's predecessor took possession and began the assessment work. It follows that the claims of plaintiff were not open to location at the time defendant attempted to locate thereon.

■ Nor would defendant's position be strengthened if his notices had, in fact, antedated the commencement of assessment work by plaintiff's predecessor. A valid location requires three things, i. e., discovery, marking of the boundaries, and the giving of notice of location. George Rose Smith's "Mining and Mineral Law", pages 18–19. And a person locating or relocating on prior claims must complete all the acts of location before the prior owner resumes work. In Worthen v. Sidway, supra, the Court, at page 226 of 72 Ark., at page 781 of 79 S.W., said:

"Under this statute the claim or mine becomes subject to relocation whenever the locator, his heirs, assigns or legal representatives, shall fail to perform annual labor thereon as required by the statute. But there will be no complete forfeiture until a third party acquires title to the same. * * * Until all acts necessary to make a valid relocation are performed, the locator, his heirs, assigns, or legal representatives, may resume work upon the claim and prevent forfeiture."

To like effect, see Thornton v. Kaufman, 40 Mont. 282, 106 P. 361, 362, where the court said:

"But the initiation of an adverse claim is not sufficient to prevent the original locator from resuming work and saving his claim. The only injunction laid upon him by section 2324, U.S.Rev.St. [30 U.S.C.A. § 28], above, is that he shall resume work upon his claim in good faith before a location thereof is made by some one else. The location of a mining claim does not consist alone of discovery and posting notice of location. 'The law contemplates that the location of a mining claim shall consist of a number of distinct acts which are independent of each other. The last that may be done does not relate back to the first, and all must be performed before a legal location exists.'"

■ In the instant case the only action taken by defendant which possibly could have occurred prior to the taking of possession by plaintiff's predecessor was the filing of four claims on November 29, 1956. Subsequent to that time the defendant did not mark the boundaries of his purported claims as required by law, and the only excuse that he offered for this failure was the receipt of notice of the instant suit on January 2, 1957. In fact, the only action taken by defendant to perfect his alleged claims was the marking of one corner of one claim, the posting of a "No Trespassing" sign, and the posting of one notice. Having wholly failed to complete a valid location on any of the claims in question, defendant has no standing to challenge plaintiff's rights.

The instant action is somewhat similar to the case of Pharis v. Muldoon, 75 Cal. 284, 17 P. 70, 71, where the court said:

"Action to quiet title to a mining claim. It is found by the court, and assumed by counsel upon both sides, that the claim of the defendant was not open to relocation until January 1, 1886. At 1 o'clock A.M. of that day plaintiff posted his notice, but did not mark out his boundaries until January 5th. In the mean time, that is to say, at the usual hour of commencing work of that kind, on the 1st day of January, 1886, the defendant resumed labor on his claim, did $10 worth of work on it up to the 5th of January, 1886, and afterwards during that year, performed labor upon it to the amount of $200 more. The marking of boundaries is a necessary part of the location, (Newbill v. Thurston, 65 Cal. 419, 4 P. 409,) and this was not done until January 5, 1886. The defendant had resumed work 'after failure and before location.' This being the

case, the plaintiff's proceedings conferred no right upon him, ( [Belcher Consol. Gold] Mining Co. v. Deferrari, 62 Cal. [160], 163,) even if we concede, what we are not prepared to admit, that an entry by stealth at 1 o'clock in the morning is within the contemplation of the act of congress (Section 2324, Rev.St.U.S. [30 U.S.C.A. § 28] ). The other points made require no special notice. It results that the judgment should be affirmed."

In view of the Court's conclusion that defendant's claims are invalid, the Court finds it unnecessary to pass on plaintiff's contention that defendant, by reason of his position as president of the bankrupt corporation, and by reason of his own action, is estopped to assert his claims.

Therefore, plaintiff is entitled to have the title to its claims quieted and confirmed as against the defendant, and to have the purported claims of defendant canceled as constituting a cloud upon plaintiff's title.

### Conclusions of Law

1.

The Court has jurisdiction of the parties and the subject matter herein.

2.

Plaintiff is the owner of and has valid title to the 32 claims listed in paragraph 3 of plaintiff's complaint.

3.

The defendant's purported claims numbered 1 through 26, inclusive, and numbered 28 through 33, inclusive, constitute clouds upon plaintiff's title and should be canceled and held for naught.

4.

Title to the said 32 claims listed in paragraph 3 of plaintiff's complaint should be quieted and confirmed in the plaintiff, Pike Mining & Milling Company, Inc.

5.

The defendant is entitled to recover nothing by reason of his counterclaim.

A judgment in accordance with the above should be entered.